UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JYHHUA YUEH,

    Plaintiff,

v.

SEVEN SEAS CRUISES S. DE R.L., LLC.,
f/k/a CLASSIC SEAS CRUISES S. DE R.L.,
d/b/a REGENT SEVEN SEAS CRUISES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, JYHHUA YUEH (hereinafter "YUEH"), is a citizen of California.

2. Defendant, SEVEN SEAS CRUISES S. DE R.L., LLC f/k/a CLASSIC SEAS CRUISES S. DE R.L. d/b/a REGENT SEVEN SEAS CRUISES (hereinafter "REGENT"), was and is a for profit corporation incorporated under the laws of Panama having its principal place of business in Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court.

    a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Regent unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

- 1 -

4. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. The Defendant REGENT, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Seven Seas Voyager*.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

8. At all times material hereto, Defendant REGENT owned, operated, managed, maintained and/or controlled the vessel, the *Seven Seas Voyager*.

9. Plaintiff YUEH was a paying passenger on Defendant REGENT's vessel. The Vessel was in navigable waters.

10. On or about November 10, 2016, the Plaintiff was a paying passenger on the *Seven Seas Voyager*, which was in navigable waters.

11. On or about November 10, 2016, the Plaintiff opened an interior door in her stateroom that fell on her body and extremities. As a result, the Plaintiff was severely injured.

## COUNT I – NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

13. On or about November 10, 2016, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances.

14. On or about November 10, 2016, the Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

   g. Failure to provide safety devices, such as door dampers, appurtenant to the door; and/or

   h. Failure to maintain safety devices, such as door dampers, appurtenant to the door in proper working condition; and/or

   i. Failure to provide, implement and/or utilize protective equipment, gear and/or devices to prevent against the type of injury alleged herein; and/or

   j. Failure to inspect the door and/or safety devices appurtenant to the door; and/or

   k. Failure to provide an adequately safe door in light of the anticipated purpose and high traffic; and/or

   l. Failure to adequately and regularly inspect and maintain the door; and/or

   m. Failure to promulgate and/or enforce adequate policies and procedures regarding inspecting, monitoring and/or maintaining the door and/or safety devices appurtenant to the door in a reasonably safe condition; and/or

   n. Failure to promulgate and/or enforce adequate policies and procedures to prevent injuries from doors; and/or

   o. Failure to adequately provide instruction to passengers (including the Plaintiff) on

    preventing injuries from doors; and/or

p. Failure to adequately warn passengers (including the Plaintiff) of hazards posed by the door; and/or

q. Failing to warn passengers (including the Plaintiff) of the dangers caused by unreasonably dangerous doors in their staterooms, and/or;

r. Failing to adequately inspect and/or maintain doors in staterooms so as to ensure the doors remained reasonably safe for use by passengers, and/or;

s. Failure to promulgate and/or enforce adequate policies and/or procedures to ensure the doors in guest staterooms remained free from any dangerous conditions, and/or;

t. Failure to promulgate and/or enforce adequate policies and/or procedures to ensure that unreasonably dangerous doors are removed from staterooms, and/or;

u. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff, and/or;

v. Failure to adequately warn passengers (including the Plaintiff) that the door would fall; and/or

w. Failure to ascertain whether the doors meet applicable standards, such as ASTM F1166; and/or

x. Failure to ascertain the cause of substantially similar prior accidents which occurred on the same and other vessels in the Defendant's fleet so as to take the necessary measures to prevent their re-occurrence, and more particularly Plaintiff's accident, as the ISM Code and the Defendant's Ship's Quality Management Manual or its equivalent namesake requires the Defendant to do.

15. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being injured when the door forcefully

fell onto Plaintiff's body and extremities.

16. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its inspection of the subject door and/or area prior to this incident, and/or (b) prior incidents involving the same or similar doors aboard on its vessels, including the *Seven Seas Voyager*. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

17. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care. The Plaintiff also lost earning capacity as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE,** the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*

- 6 -

        **JASON R. MARGULIES**
        Florida Bar No. 57916
        jmargulies@lipcon.com
        **MARC E. WEINER**
        Florida Bar No. 91699
        mweiner@lipcon.com